UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
KINGVISION PAY-PER-VIEW LTD. as Broadcast Licensee :
of the October 2, 2004 Trinidad/Mayorga Program, :
:
          Plaintiff, : 05 Civ. 2778 (HB)
:
          against- : OPINION & ORDER
:
BELARMINIO RAMIEREZ individually, and as officer, :
director, shareholder and/or principal of La Fondita :
Restaurant, Inc. d/b/a La Fondita Restaurant :
a/k/a Restaurant Cuchifrito 2000 and :
LA FONDITA RESTUARANT, INC. :
d/b/a La Fondita Restaurant :
a/k/a Restaurant Cuchifrito 2000, :
:
          Defendant. :
------------------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., DISTRICT JUDGE\*:**

On June 21, 2005, Plaintiff, Kingvision Pay-Per-View, Ltd. ("Kingvision"), filed the instant motion for sanctions against Manuel Thillet ("Thillet") for filing frivolous Counterclaims, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). For the reasons stated below, the motion is DENIED.

## I.    BACKGROUND

On March 10, 2005, Kingvision commenced the present action against Defendant, Belarminio Ramierez ("Ramierez"), a restaurant owner, for public exhibition of a boxing event without a license in violation of 47 U.S.C. §§ 553, 605 et seq. (Compl. at ¶ 1) (Dckt. 1). Following an initial pretrial conference hearing and order of consolidation with other similar cases (Dckt. 7), on May 18, 2005, Thillet, as counsel on behalf of Ramierez, filed a Verified Answer. (Dckt. 6). The Answer asserted, inter alia, two Counterclaims that Kingvision: (1) initiated the action for the purpose of "harassment" and "abuse of process;" and, (2) tortiously interfered with Ramierez's business relations. (Ans. ¶¶ 4 - 9) (Dckt. 6).

In a letter dated June 1, 2005, Kingvision requested that Thillet withdraw the Counterclaims because "they are meritless and . . . fail to state a cause of action on any claim."

---
\* Matthew Danzig, a summer 2005 intern in my Chambers, and currently a second year law student at Georgetown

1

(Ltr. dated Jun. 1, 2005, from Lonstein, Att'y for Pl., to Thillet, Att'y for Def., at 1). The letter also notified Thillet that, absent a withdrawal of the Counterclaims, Kingvision intended to file a Rule 11 motion: "I respectfully request that you withdraw your meritless counterclaims within 21 days of today's date so that we may avoid the necessity of filing the Rule 11 motion. . . ." (Id.) Failing any response from Thillet, on June 8, 2005, Kingvision moved to dismiss the Counterclaims. (Dckt. 8).

Still failing any action from Thillet, Kingvision sent a second letter on June 17, 2005. The letter reiterated Kingvision's intent to move for Rule 11 sanctions should Thillet maintain the Counterclaims: "Please advise definitively as to your intentions or it will be necessary for me to file my motion for sanctions under Rule 11. . . ." (Ltr. dated Jun. 17, 2005, from Lonstein, Att'y for Pl., to Thillet, Att'y for Def., at 1). Yet again, Thillet failed to withdraw or amend his Counterclaims.

Accordingly, on June 21, 2005, Kingvision filed the instant Rule 11 motion "for attorney fees for Plaintiff Counsel's efforts in opposing these frivolous counterclaims, and for such other and further relief as the Court may deem just and proper under the circumstances." (Dckt. 9). Believe it or not, once again, Thillet failed to file any response. Absent any response whatsoever, on July 7, 2005, this Court granted to Kingvision's motion to dismiss Ramierez's Counterclaims. (Dckt. 12).

## II.     DISCUSSION

### A.     Rule 11

Pursuant to Rule 11, and in accordance with well-established Second Circuit precedent, attorneys have an affirmative obligation to conduct "a reasonable inquiry into the viability of a pleading" before it is filed with the court. Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998) (citation omitted). A "reasonable inquiry" requires an attorney to ensure that the pleading or filing: (1) was not presented for an "improper purpose;" (2) is premised upon current law or a "good faith argument for the extension, modification or reversal of existing law," Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002); and (3) contains factual allegations that are not "utterly lacking in [evidentiary] support." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 388 (2d Cir. 2003) (internal marks omitted); see Fed. R. Civ. P. 11(b)(1)-(3). A court uses an objective standard of reasonableness and does not consider "the subjective beliefs of the person making

University Law Center, provided substantial assistance in the research and drafting of this Opinion.

the [violative] statement." Storey, 347 F.3d at 378 (citing to Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000)).[1]

**B.    The Counterclaims**

Kingvision argues that, Ramierez's First Counterclaim, the allegations of "harassment" and "abuse of process" are not warranted by existing law and, therefore, violate Rule 11. Kingvision also argues that the Second Counterclaim of "tortious interference with business relations" violates Rule 11 because it is utterly lacking in factual or evidentiary support.

**1. "Harassment" and "Abuse of Process"**

Kingvision argues that Ramierez's First Counterclaim (1) has no basis in law because New York does not recognize a civil cause of action for "harassment;" and, (2) the allegation of "abuse of process" has no legal application to the present case.

Rule 11 requires that any legal claim presented to the court must be "warranted by existing law or by nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). Thus, sanctions are only appropriate where, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading . . . is warranted by existing law or a good faith argument for [new] law." Kropelnicki, 290 F.3d at 131. Indeed, "merely incorrect legal statements" are not sanctionable under Rule 11. Storey, 347 F.3d at 391.

Existing New York law "does not recognize any independent tort for harassment." See N.Y. Stock Exch., Inc. v. Gahary, 196 F. Supp. 2d 401, 414 (S.D.N.Y. 2002). However, there is ample precedent that a lawsuit brought for the sole purpose of harassment provides a valid cause of action. According to the Second Circuit:

> [A] lawsuit or the threat of a lawsuit is wrongful if the actor has no belief in the merit of the litigation. It is also wrongful if the actor, having some belief in the merit of the suit, nevertheless institutes or threatens to institute the litigation in bad faith, intending only to harass the third parties and not to bring his claim to definitive adjudication.

Universal City Studios v. Nintendo Co., 797 F.2d 70, 75 (2d Cir. 1986) (internal marks and citations omitted) (emphasis added). Under New York law, a cause of action for the tort of

---

[1] It is beyond the pale that Kingvision has satisfied its obligation to serve Thillet with a copy of the Rule 11 motion and permit twenty-one days before filing. Fed. R. Civ. P. 11(c)(1)(A); see In re Pennie & Edmonds LLP, 323 F.3d 86, 88 (2d Cir. 2003) (requiring a twenty-one day "safe harbor" in which the challenged submission may be appropriately corrected

3

malicious prosecution accrues when a civil action is initiated without probable cause or for the purpose of harassment. See, e.g., Wilhelmia Models, Inc. v. Fleisher, 2005 WL 1475632 (N.Y. App. Div. 1st Dept. Jun. 23, 2005). In addition, while the two legal theories of "harassment" and "abuse of process" are not identical, it is well established that they are related:

> The existence of a tort of abuse of process shows that it has long been thought that litigation could be used for improper purposes even when there is probable cause for the litigation; . . . [t]he line is crossed when [the] purpose is not to win a favorable judgment against a competitor but to harass him . . . by the process itself -- regardless of outcome -- of litigating.

Prof'l Real Estate Investors, Inc., v. Columbia Pictures Indus., Inc., 508 U.S. 49, 74 - 75 (1993) (Stevens, J., concurring) (emphasis added); see also Bridgewater Operating Corp., et al. v. Feldstein, et al., 346 F.3d 27, 30 (2d Cir. 2003) (holding that "plaintiffs are likely to continue to abuse the judicial process and harass other parties") (internal marks omitted) (emphasis added).

Here, while the Second Counterclaim is titled "Harassment," the substance of the claim alleges that Kingvision commenced the litigation based upon false allegations and to force Ramierez to settle. Despite the fact that these two allegations fail to constitute a claim of "harassment," because technically no such cause of action exists, they may conceivably plead bad faith or malicious prosecution.

**2. "Tortious Interference with Business Relations"**

Kingvision also argues that the Second Counterclaim violates Rule 11 because Thillet failed to allege any of the factual elements necessary to tortious interference and, thus, the claim has no basis in fact.

Rule 11 requires that factual allegations presented to the court "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Second Circuit has held that "with regard to factual contentions, sanctions may not be imposed unless a particular allegation is utterly lacking in [evidentiary] support." Storey, 347 F.3d at 388 (citing to O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996)). To demonstrate adequate evidentiary support under this rule, an attorney may submit an affidavit averring reliance on "objectively reasonable representations of the client" prior to filing. Hadges v. Yonkers Racing

---
or withdrawn).

Corp., 48 F.3d 1320, 1329-30 (2d Cir. 1995) (citing to Calloway v. Marvel Entm't Group, 854 F.2d 1452, 1471 (2d Cir. 1988), rev'd in part on other grounds sub nom. Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120 (1989). Conversely, the failure to submit such an affidavit "strongly suggests that no [pre-filing] inquiry was made" and consequently that no evidentiary support exists. Calloway, 854 F.2d at 1471.

Here, neither the record nor Thillet provides any evidentiary support for the factual allegations underlying the Second Counterclaim. Instead, the Counterclaim merely makes broad, conclusory allegations of fact. In particular, while the Counterclaim asserts that Kingvision knew Ramierez's business had "implied contracts" of service with the general public, Thillet's actions (e.g., failure to provide any supporting affidavits, declarations or opposition to either Kingvision's motion to dismiss the Counterclaims or Rule 11 sanctions) have failed to even come close to meeting minimal pleading or evidentiary standards. (Ans. ¶ 7). Time and again, Thillet failed to respond to Kingvision's most generous attempts to avoid filing a motion for Rule 11 sanctions. As noted above, on at least three occasions Thillet failed to respond to Kingvision's claim that the allegations have no basis in fact. Moreover, and perhaps most telling, Thillet has failed to submit an affidavit detailing what evidence -- representations by his client or otherwise -- supports the allegations. Indeed, Thillet has failed to respond to the Rule 11 motion in any form whatsoever. In light of his inexplicable silence, this Court is persuaded by the "strong suggestion" that the factual allegations lack evidentiary support and, without more, finds them violative of Rule 11. See Calloway, 854 F.2d at 1471.

**C.** **Sanctions**

Kingvision seeks to recover in the form of sanctions the attorney fees generated by its opposition to the two Counterclaims.

The primary goal of Rule 11 sanctions is to deter "objectively unreasonable" filings and to curb abuses of the judicial process. See, e.g., Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994). Bearing this in mind, "[e]ven if the district court concludes that the assertion of a given claim violates Rule 11, . . . the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004). Indeed, when determining whether sanctions are appropriate, a district court is obligated to exercise caution and restraint. See Jung v. Neschis, No. 01 Civ. 6993, 2003 WL 1807202, at *4 (S.D.N.Y. Apr. 7, 2003) (citing to Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir.

is obligated to exercise caution and restraint. See Jung v. Neschis, No. 01 Civ. 6993, 2003 WL 1807202, at *4 (S.D.N.Y. Apr. 7, 2003) (citing to Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994)).

Here, Kingvision seeks sanctions because no evidence has been presented to support the factual allegations in Thillet's Second Counterclaim. While this absence of evidence renders the allegations violative of Rule 11, it also renders sanctions inappropriate. Paese v. N.Y. Seven-Up Bottling Co., 158 F.R.D. 34, 38 - 39 (S.D.N.Y. 1994) (holding that the purpose of sanctions must not be forgotten, e.g., "the sanction imposed must . . . fit the infraction, not overshadow it."). Without an evidentiary record against which the factual allegations may be compared, it is difficult if not impossible genuinely to conclude they are "objectively unreasonable" or abusive of the judicial process. Caisse Nationale, 28 F.3d at 266. Thus, mindful of its obligation to exercise caution and restraint, this Court, in its exercise of discretion, declines to impose sanctions.

### III. CONCLUSION

For the aforementioned reasons, the Motion for Rule 11 Sanctions is DENIED. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**July 29, 2005**

_____
**U.S.D.J.**